# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**CHRISTOPHER D. ADAMS AND**  **CIVIL ACTION**
**KIMBERLY RENE ADAMS**

                                          **NO. 24-347-JWD-SDJ**

**VERSUS**

**MID AMERICA MORTGAGE INC.,**
**ET AL.**

## NOTICE

      Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U.S. District Court.

      In accordance with 28 U.S.C. § 636(b)(1), you have **14 days** after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within **14 days** after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

      **ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on March 7, 2025.

*/s/ Scott D. Johnson*

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **CHRISTOPHER D. ADAMS AND KIMBERLY RENE ADAMS** | **CIVIL ACTION** |
| | **NO. 24-225-BAJ-SDJ** |
| **VERSUS** | |
| **MID AMERICA MORTGAGE, INC., ET AL.** | |

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court are two Motions to Dismiss filed by Defendants Mid America Mortgage Inc.[1] (R. Doc. 7) and Mortgage Electronic Registration Systems (R. Doc. 18), both seeking dismissal pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(b)(1). Plaintiffs, proceeding *pro se*, have opposed the Motion by Mid America (R. Doc. 15), but they have not filed any response to the Motion by MERS; as the time to respond has passed, the MERS motion is considered unopposed.

I.  APPLICABLE LAW

   A.   Rule 12(b)(6) Standard

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a defendant can seek dismissal of a complaint, or any part thereof, for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). "To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Shiell v. Jones*, 2020 WL 2331637, at *10 (E.D. La. May 11, 2020) (quoting *Ashcroft v. Iqbal*, 556

---

[1] Mid America Mortgage, Inc. is now known as Click N Close, Inc. ("CNC"). (R. Doc. 7-1 at 1). This Defendant is primarily referred to as "Mid America" in Plaintiffs' pleadings and in this report for clarity alone.

U.S. 662, 678 (2009)) (internal quotations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Shiell*, 2020 WL 2331637, at *10 (quoting *Iqbal*, 556 U.S. at 679).

A court must accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff. *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 816 (5th Cir. 2012) (quoting *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)). "Dismissal is appropriate when the complaint on its face shows a bar to relief." *Shiell*, 2020 WL 2331637, at *10 (quoting *Cutrer v. McMillan*, 308 F. App'x 819, 820 (5th Cir. 2009)). "Determining whether a complaint states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. A court does not assume the truth of conclusory statements, but rather looks for facts which support the elements of the pleader's claim. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007).

### B. Pro Se Litigants

Plaintiffs are proceeding in this litigation *pro se*. *Pro se* pleadings are to be held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *see also SEC v. AMX, Int'l, Inc.*, 7 F.3d 71, 75 (5th Cir. 1993) (recognizing the established rule that this court "must construe [a *pro se* plaintiff's] allegations and briefs more permissively"). A court must liberally construe a *pro se* complaint, taking all well-pleaded allegations as true. *Johnson v. Atkins*, 999 F.2d 99, 100 (5th Cir. 1993) (per curiam). Nevertheless, "a *pro se* litigant is not exempt ... from compliance with relevant rules of procedural and

substantive law." *NCO Fin. Sys., Inc. v. Harper–Horsley*, 2008 WL 2277843, at *3 (E.D. La. May 29, 2008) (quoting *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981)) (internal quotations omitted). As such, a *pro se* plaintiff's complaint "must set forth facts giving rise to a claim on which relief may be granted." *Johnson,* 999 F.2d at 100 (citation omitted).

Additionally, "[a] liberal reading of plaintiff's pleadings is the only special treatment afforded *pro se* plaintiffs by the courts." *Kiper v. Ascension Parish Sch. Bd.*, 2015 WL 2451998, at *1 (M.D. La. May 21, 2015) (citing *Callahan v. C.I.R.*, 2000 WL 1141607, at *1 (M.D. La. Apr. 10, 2000)). A "court is not required to search for or try to create causes of actions or find material issues of fact for *pro se* plaintiffs." *Id.* And "[a] *pro se* litigant is not entitled to greater rights than would be a litigant represented by a lawyer." *NCO Fin. Sys.*, 2008 WL 2277843, at *3 (citing *Birl*, 660 F.2d at 593).

## II. DISCUSSION

Plaintiffs filed their Complaint with this Court on May 3, 2024 (R. Doc. 1), and amended their Complaint on May 9, 2024 (R. Doc. 4), citing claims of (1) a right to rescind their mortgage contract, (2) right to cancel the contract, (3) unlawful foreclosure, (4) breach of contract, (5) violation of generally accepted accounting principles, and (6) violation of the Uniform Commercial Code. Plaintiffs generally assert few factual allegations, relying largely on conclusory statements of alleged violations.

### A. Plaintiffs' Statement of Facts

In their Amended Complaint, Plaintiffs state that they are the owners of a home in Baton Rouge, Louisiana, that is "allegedly security for a loan made to Plaintiffs by Click n Close, Inc. on December 17, 2021", and that they have made timely payments toward the mortgage. (R. Doc. 4 ¶¶ 11, 95). Plaintiffs allege that lender Mid America "has never provided Plaintiffs with true,

complete, accurate or timely" disclosures regarding their mortgage contract, including disclosures regarding Plaintiffs' right to rescind the agreement. (R. Doc. 4 ¶¶ 25, 62). On March 7, 2024, Plaintiffs, seeking to determine the rightful owner of their debt, sent a letter to Mid America inquiring as to the proper beneficiary of their loan payments. (R. Doc. 4 ¶¶ 12-14). Mid America responded, attaching copies of the note, mortgage, transfer notice, and company name change to support the validity of the debt. (R. Doc. 4 ¶ 15). Counsel for Mid America informed Plaintiffs that the company would move forward with foreclosure. (R. Doc. 4 ¶ 16). Finally, Defendant Mortgage Electronic Registration Systems, Inc., was involved in the transfer and assignment of the mortgage in question. (R. Doc. 4 ¶ 18). Plaintiffs allege MERS facilitated this transfer without properly documenting the chain of ownership of the mortgage. (R. Doc. 4 ¶¶ 19-20).

    **B.**    **Causes of Action**

        **1.**    **Right of Rescission—12 C.F.R. § 1026.15[2] and 15 U.S.C. § 1635[3]**

Plaintiffs assert that the three-day right to rescind under the Truth in Lending Act begins when all required disclosures regarding a mortgage are made to the borrower; if the disclosures are never made, the right to rescind expires after three *years*. (R. Doc. 4 ¶ 26). But, Plaintiffs allege, Mid America has never made all the required disclosures to Plaintiffs. (R. Doc. 4 ¶¶ 24-25). And so, Plaintiffs assert that Mid America has violated 10 C.F.R. § 1026.15, depriving Plaintiffs of the right to rescind. (R. Doc. 4 ¶ 31-34). Plaintiffs allege that they properly exercised their right of rescission under 15 U.S.C. § 1635 in the letter dated March 7, 2024. (R. Doc. 4 ¶¶ 41-42). Finally, they allege that Mid America violated § 1635(a) by failing to make certain disclosures, and §

---

[2] Truth in Lending (Regulation Z), § 1026.15 "Right of Rescission"
[3] "Right of rescission as to certain transactions"

1635(b) by proceeding with foreclosure despite Plaintiffs' invocation of their right to rescind. (R. Doc. 4 ¶¶ 46, 49-50).

The property in question is Plaintiffs' primary residence, as indicated in the original Complaint (R. Doc. 1 at 1) and in the mortgage contract (R. Doc. 1-1 at 20 ¶ 6). The cited truth in lending regulation and statute—both regarding the right of rescission—do not apply to residential mortgage transactions. 12 C.F.R. 1026.15(f)(1) ("The right to rescind does not apply to the following: (1) A residential mortgage transaction."); 15 U.S.C. § 1635(e)(1) ("This section does not apply to—(1) a residential mortgage transaction as defined in section 1602[x][4] of this title"). And so these claims are not applicable to Plaintiffs' mortgage and **should be dismissed** for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6).

### 2. Right to Cancel—Real Estate Settlement Procedures Act

Plaintiffs allege that Mid America's failure to provide all disclosures is a violation of Section 6 of the Real Estate Settlement Procedures Act, which "addresses borrowers' rights to cancel certain mortgage transactions". (R. Doc. 4 ¶¶ 55-57). Plaintiffs assert that the period for cancelling a transaction under RESPA may be extended if certain disclosures are not made. (R. Doc. 4 ¶ 60). Plaintiffs allege that Mid America failed to make certain disclosures, including disclosures regarding Plaintiffs' right to cancel, and so Plaintiffs are entitled to cancellation of their contract, reimbursement of fees, and statutory damages. (R. Doc. 4 ¶¶ 62-63).

Section 6 of RESPA (12 U.S.C. § 2605)[5] is titled "Servicing of mortgage loans and administration of escrow accounts" and requires that loan servicers must make disclosures

---

[4] "The term 'residential mortgage transaction' means a transaction in which a mortgage, deed of trust, purchase money security interest arising under an installment sales contract, or equivalent consensual security interest is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling." 15 U.S.C. § 1602(x) (originally designated as section 1602(w), see § 1635, n.1).
[5] *See* PL 93–533 (S 3164), December 22, 1974, 88 Stat 1724.

regarding whether the servicing of a loan may be transferred to other servicers and must notify borrowers when a loan is transferred; sets out a grace period for late payments around the time of a transfer; imposes a duty on loan servicers to respond to borrower inquiries; defines damages in the event of a servicer's failure to comply; dictates a servicer's use of escrow accounts; and sets out requirements for force-placed insurance. 12 U.S.C. § 2605. This section does not, as Plaintiffs assert, provide a borrower the right to cancel a mortgage transaction or set out any requirements regarding disclosures of such a right. For this reason alone, Plaintiffs' claim regarding a right to cancel under RESPA should be dismissed.

To the extent that Plaintiffs assert that Mid America failed to properly respond to the kind of inquiry set out in § 2605(e), Plaintiffs assert that their March 7, 2024 inquiry requested information regarding "the servicing of their loan, legitimacy of the debt, and the rightful entity entitled to enforce the mortgage and collect payments." (R. Doc. 15 at 12).[6] Plaintiffs admit that the response, dated March 19, 2024, was timely, but Plaintiffs are unsatisfied with the content:

> In this case, the Plaintiffs sought detailed information regarding the ownership and enforceability of their loan documents, including the promissory note and mortgage deed of trust. They specifically requested clarification on the entity entitled to enforce these documents…. The response form CNC, although timely, failed to fully address the Plaintiffs' concerns. Simply attaching copies of the note, mortgage, transfer notice, and name change is insufficient if they do not provide clear evidence of the rightful ownership and enforceability of the loan.

(R. Doc. 15 at 13-14). Per § 2605(e), upon receipt of an inquiry, a mortgage servicer must make appropriate corrections to the borrower's account; provide the borrower with a written explanation or clarification including the reasons the borrower's account is already correct, and the name and contact information of an employee of the servicer who can provide assistance to the borrower; or

---

[6] Here, Plaintiffs raise new arguments in their Opposition to Defendant's Motion to Dismiss. We address them here, acknowledging that they were not well articulated in the Complaint, but giving the highest degree of leniency to *pro se* Plaintiffs.

provide a written explanation of why the information requested is unavailable. Here, Plaintiffs have asserted that Mid America's response was unsatisfactory, but they fail to allege any facts showing that the response did not meet the statutory requirements.

Plaintiffs must allege more than conclusory allegations or legal conclusions presented as factual conclusions to survive a Motion to Dismiss. *See Hamad*, 265 F. App'x. at 416. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Factual allegations must be enough to raise a right of relief above the speculative level." *City of Clinton, Ark. v. Pilgrim's Pride Corp.*, 632 F.3d 148, 153 (5th Cir. 2010) (quoting *Twombly*, 550 U.S. 544, 555). Plaintiffs' allegations here are vague and conclusory, and so the RESPA claim **should be dismissed**.

### 3. Unlawful Foreclosure

Though Mid America provided Plaintiffs with loan documentation upon their request, Plaintiffs allege this consisted of "generalized assertions and documentation lacking in probative value". (R. Doc. 4 ¶ 68). Plaintiffs argue that Mid America's decision to go forward with foreclosure without providing evidence of legal entitlement amounts to an unlawful foreclosure. (R. Doc. 4 ¶ 65). Plaintiffs further argue that foreclosing without providing Plaintiffs with evidence of legal entitlement deprived Plaintiffs of the opportunity to meaningfully challenge the foreclosure. (R. Doc. 4 ¶ 72).

Plaintiffs have not cited any law for this claim, but their argument rests on the assertion that Mid America lacks standing to initiate foreclosure because it has "failed to adequately substantiate its legal entitlement to enforce the [loan] obligations". (R. Doc. 4 ¶ 67). But as discussed above, Plaintiffs have not alleged facts showing that Mid America has not or cannot

prove its entitlement, and indeed the loan documents attached to Plaintiff's Complaint indicate the opposite.[7] And so the wrongful foreclosure claim against Mid America **should be dismissed**.

Finally, Plaintiffs assert that MERS lacks standing to initiate foreclosure because it has no financial interest in the property or promissory note, but rather only facilitates transfer of the mortgage. (R. Doc. 4 ¶¶ 79-85). Critically, Plaintiffs do not allege that MERS actually initiated foreclosure. And indeed, it was Mid America that initiated foreclosure, not MERS. (R. Doc. 7-1 at 15; R. Doc. 18-1 at 9). Because Plaintiffs do not allege that MERS participated in foreclosure, the wrongful foreclosure claim against MERS **should be dismissed**.

### 4. Breach of Contract

Plaintiffs allege that they entered into a contractual agreement with Mid America for the loan on their home, and that contract required Mid America to provide Plaintiffs with certain disclosures. (R. Doc. 4 ¶ 93). Plaintiffs argue that Mid America failed to fulfill its contractual obligations to provide those disclosures. (R. Doc. 4 ¶ 95, 97). Plaintiffs allege that this failure has caused and continues to cause Plaintiffs financial harm, emotional distress, and uncertainty regarding their property rights. (R. Doc. 4 ¶ 98).

In Louisiana, a breach of contract is found where (1) an obligor has a performance due, (2) the obligor fails to perform the obligation, and (3) the failure to perform causes damages to the obligee. *See IberiaBank v. Broussard*, 907 F.3d 826, 835 (5th Cir. 2018) (quotation omitted). "To state a claim for breach of an insurance contract under Louisiana law, a plaintiff must allege a breach of a specific policy provision." *Louque v. Allstate Ins. Co.*, 314 F.3d 776, 782 (5th Cir. 2002). Here, Plaintiffs do not reference a specific provision of the mortgage contract. And indeed,

---

[7] Plaintiffs also fail to explain how this Court would have jurisdiction to hear an appeal of the state court foreclosure proceeding, but we need not discuss that to reach dismissal.

the disclosures that Plaintiffs claim were obligated by the contract seem to be the RESPA disclosures discussed above. (R. Doc. 4 ¶¶ 96-97) ("Plaintiffs' requests for clarification and disclosure, as outlined in paragraphs 11-13 [referencing the March 7, 2024 letter] were made in good faith…. Defendant's failure to provide Plaintiffs with the necessary disclosure documents and clarification constitutes a material breach of the contractual obligations imposed by the Loan Agreement.").

To the extent Plaintiffs' claims for breach of contract refer to the mortgage contract itself, Plaintiffs have not alleged the necessary facts to state a claim for breach of contract under Louisiana law, and so the claim for breach of contract **should be dismissed**. To the extent these claims were mislabeled and refer to RESPA disclosures, those claims were addressed above.

### 5. Generally Accepted Accounting Principles

Plaintiffs allege that Mid America and MERS failed to properly account for the transfer and assignment of loans, deviating from Generally Accepted Accounting Principles. (R. Doc. 4 ¶ 112-13). Plaintiffs allege these practices resulted in inaccurate financial reporting that misrepresented the financial position of MERS and Mid America. (R. Doc. 4 ¶ 116-17). Plaintiffs allege this has caused them financial loss, impaired contractual rights, and emotional distress. (R. Doc. 4 ¶ 119). Plaintiffs have not, however, specified in what way the record of transfer of their loan or Defendants' reporting of their financial position was inaccurate.[8]

"GAAP is not a legal code." *Johnson v. BOKF, Nat'l Ass'n*, 341 F. Supp. 3d 675, 680 (N.D. Tex. 2018), aff'd, 15 F.4th 356 (5th Cir. 2021) (citing cases). These principles are not a legally enforceable standard, and Plaintiffs do not cite any applicable statute or regulation obligating

---

[8] Defendants in their Oppositions speculate further on Plaintiffs' intentions with these claims, but the Court need not speculate. A "court is not required to search for or try to create causes of actions or find material issues of fact for *pro se* plaintiffs." *Kiper v. Ascension Parish Sch. Bd.*, 2015 WL 2451998, at *1 (M.D. La. May 21, 2015) (citation omitted).

Defendants to adhere to these principles. *See Delorean v. First Horizon Home Loans*, 2011 WL 4404148, at *2 (D. Or. June 7, 2011). Because Plaintiffs have not stated a claim upon which relief can be granted, the GAAP claims **should be dismissed**.

### 6. Uniform Commercial Code

Plaintiffs assert that Defendants breached obligations under UCC Article 3 ("Negotiable Instruments") "by failing to properly negotiate, endorse, or transfer the promissory notes in accordance with UCC stipulations". (R. Doc. 4 ¶ 123). They further assert that Defendants violated UCC Article 9 ("Secured Transactions"), as these breaches "engendered discrepancies or deficiencies in the creation, perfection, or enforcement of security interests in promissory notes". (R. Doc. 4 ¶ 124). Finally, Plaintiffs assert that Defendants treated promissory notes as investment securities but "failed to adhere to the requisites for the endorsement, transfer, or registration of these securities" in violation of UCC Article 8 ("Investment Securities"). (R. Doc. 4 ¶ 126). Plaintiffs assert that these alleged violations caused them significant harm including financial damages, impaired contractual rights, and emotional distress. (R. Doc. 4 ¶ 127).

The quoted statements above are the only assertions Plaintiffs make as to this claim. Each UCC article cited contains tens of provisions, and Plaintiffs have provided no specificity as to Defendants' alleged violations. Their statements of violations are conclusory at best, citing no facts to support the allegations. A court does not assume the truth of conclusory statements, but rather looks for facts which support the elements of the pleader's claim. *Twombly*, 550 U.S. at 557 (2007). As such, these claims **should be dismissed**.

### III.    CONCLUSION

Having disposed of all claims as discussed above, the undersigned **RECOMMENDS** that Defendants' Motions to Dismiss (R. Docs. 7 and 18) be **GRANTED** and Plaintiffs' claims

**DISMISSED** for failure to state a claim upon which relief may be granted per Fed. R. Civ. P. 12(b)(6).

Signed in Baton Rouge, Louisiana, on March 7, 2025.

_____
**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**